UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONACA G. HELMS, | : | Case No. 1:14-cv-879 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| DAVITA HEALTHCARE PARTNERS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 8)**

This civil action is before the Court on Defendant's motion for judgment on the pleadings (Doc. 8) and the parties' responsive memoranda (Docs. 10, 11, 13).

### I. BACKGROUND FACTS

Defendant Davita Healthcare Partners, Inc. moves for an Order dismissing Counts I and II of Plaintiff's complaint for failure to state a claim upon which relief may be granted.[1]

Specifically, Plaintiff claims that she was disciplined in January and February 2014 and terminated in March 2014, because in late December 2013, she expressed displeasure that she had been scheduled to work on December 27 and 30. Plaintiff claims that she wanted those days off because her son was visiting from his military post for the Christmas holiday beginning on December 24, 2013. Plaintiff claims that Defendant's

---

[1] Plaintiff alleges claims for: (1) discrimination based on her association with her son, who is or was in the United States Marine Corps (Count I); (2) retaliation for opposing this allegedly unlawful discrimination (Count II); and (3) wrongful termination in violation of Ohio public policy (Count III).

disciplining of her in January and February 2013 for unacceptable performance and her discharge in March 2014 constitutes discrimination and retaliation based on her son's military service in violation of Ohio Revised Code Section 4112.02(A).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Ohio Revised Code Section 4112.02(A)

The plain language of Ohio Revised Code Section 4112.02(A) states that it is unlawful for an employer: "because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or

indirectly related to employment." While military status is a protected classification, the statute clearly states that it is the individual's *own* military status that is protected.

The fact that the Sixth Circuit has interpreted the language of Title VII to cover discrimination based on an employee's association with a person of another race does not support Plaintiff's position. *See, e.g., Barrett v. Whirlpool Corp.*, 556 F.2d 502, 512 (6th Cir. 2009). Title VII's protections do not extend to military status. *See* 42 U.S.C. § 2000e-2(a) (covering race, color, religion, sex, or national origin). Plaintiff fails to cite any federal law that protects military status associational discrimination claims.

### B. Case law

Plaintiff relies on several cases to support her position. However, these cases are distinguishable from the facts here.

First, in *Ohio Civil Rights Commission v. Lysyj*, the plaintiff sought protection under Ohio Revised Section 4112.02(G), which prohibits discrimination in places of public accommodation, not employment.[2] 38 Ohio St. 2d 217 (1974). However, *Lysyj* does not hold that a claim for associational discrimination exists under Section 4112.02(A), and, therefore, it is inapplicable here.

*Cole v. Seafare Enterprises Limited, Inc.*, permitted an employee's claim of race discrimination association based on the fact that Title VII permits such claims. No. C-

---

[2] "For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation." Ohio Revised Code § 4112.02(G). Section 4112.02(G) is broader than Section 4112.02(A), in that 4112.02(G) is not limited to direct discrimination.

4

950157, 1996 Ohio App. LEXIS 440 (Ohio App. Feb. 14, 1996). In *Cole*, an employee claimed that she was discriminated against in violation of Section 4112.02(A), because of her association with African Americans. Citing *Lysyj* and Title VII cases allowing discrimination claims based on interracial marriages, the Court determined that Cole had a valid claim. *Id.* at 6-8. However, the decision was notably limited to race claims, relying on *Lysyj* which determined that race association claims were permitted in the public accommodation context and Title VII cases. Here, Title VII is irrelevant because military status is not protected under Title VII.

In *Arnold v. City of Columbus*, the court did not even decide the issue of whether Section 4112.02(A) recognized associational discrimination claims, but merely assumed, without discussion, that the district court ruled correctly that two plaintiffs could pursue their state race discrimination claims on an association theory. 515 F. App'x 524 (6th Cir. 2013). Regardless, the case is silent as to whether Ohio law permits military status associational discrimination claims.

### C.     *Smith v. Hinkle Manufacturing*

The Sixth Circuit expressly refused to expand Ohio law to cover discrimination claims based on a plaintiff's association with someone in a protected class in both *Kepreos v. Alcon Laboratories, Inc.* and *Smith v. Hinkle Manufacturing*.

In *Smith*, the Sixth Circuit clearly stated that unlike the Americans with Disabilities Act, "the Ohio handicap discrimination statue contains no comparable prohibition against associational discrimination." 36 F. App'x 825, 830-831 (6th Cir.

5

2002). Therefore, the Sixth Circuit stated that the associational discrimination "claim under Ohio Rev. Code Section 4112.02(A) has no merit" and affirmed the district court's dismissal of the same. *Id.* at 831.

In *Kepreos*, the plaintiff brought a claim under Ohio Rev. Code Section 4112.02(A) based on her termination after advising defendants that she may need to take time off to care for her daughter's medical condition. No. 1:10cv1540, 2011 U.S. Dist. LEXIS 106346, at *17 (N.D. Ohio Sept. 21, 2011). The Sixth Circuit affirmed summary judgment for the employer, holding that "because her ADA claim was 'associational' in nature and because Ohio's disability-discrimination statute does not provide for such a claim, see generally Ohio Revised Code Ch. 4112, the district court correctly ruled that the plaintiff could not assert it under state law." 520 F. App'x 375, 376 (6th Cir. 2013).

Multiple courts have been faced with the issue of expanding Ohio law to cover associational discrimination claims, and each has refused to do so. *See, e.g., Green v. Wal-Mart Stores, East, L.P.*, No. 3:11cv440, 2013 U.S. Dist. LEXIS 89019 (S.D. Ohio June 25, 2013); *Sarak v. DDR Corp.*, No. 1:10cv942, 2012 U.S. Dist. LEXIS 130431 (S.D. Ohio Sept. 13, 2012).[3]

---

[3] *See also Sarvak v. DDR Corp.*, No. 1:10cv942, 2012 U.S. Dist. LEXIS 130431 (S.D. Ohio Sept. 13, 2012) ("To the extent plaintiff is attempting to assert an 'associational' claim under Ohio law, courts have repeatedly held that no such claim exists in the disability context under Ohio law."); *Winkelmann v. Big Lots Stores, Inc.*, No. 1:08cv419, 2009 U.S. Dist. LEXIS 104902, at *1 (S.D. Ohio Nov. 10, 2009) ("the Ohio discrimination statute, unlike federal law, contains no prohibition against associational discrimination."); *Baker v. City of Toledo, Ohio*, No. 3:05cv7315, 2007 U.S. Dist. LEXIS 26795, at *6 (N.D. Ohio Apr. 11, 2007 ) ("The Ohio statute contains no similar provision for "associational disabilities' and, therefore the Court holds there is no such claim under state law.").

## IV. CONCLUSION

Accordingly, for these reasons, Defendant's motion for judgment on the pleadings (Doc. 8) is **GRANTED**, and Plaintiff's claims for military status discrimination by Relationship and/or Association in violation of Ohio Revised Code Section 4112.02(A) (Count I) and Retaliation in violation of Ohio Revised Code Section 4112.02(I) (Count II) are **DISMISSED**.

   **IT IS SO ORDERED**.

Date: 4/17/15　　　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge